IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES LAMONT JOHNSON,<br>                Plaintiff,<br><br>   vs.<br><br>POLICE OFFICER MOGEL; DETECTIVE<br>CRAIG GUMP; CHIEF RANDOLPH J.<br>DETZEL; C.I. THOMAS E. WILLIAMS;<br>MARSHALL PICCININI, AUSA;<br>THOMAS TRUCHANOWICZ, ATF;<br>PATROLMAN ROBERT GRASSO;<br>ALISON REES *ATF SPECIALIST*;<br>POLICE OFFICER TAD ACKER; JANIS<br>L. FERGUSON *NOTARY*,<br>                Defendants. | Civil Action No. 15-35E<br>District Judge Barbara Rothstein<br>Chief Magistrate Judge Maureen P. Kelly |

## **REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Plaintiff James Lamont Johnson ("Plaintiff"), an inmate at the McKean Federal Correctional Institution, has brought this civil rights action alleging that Defendants conspired to violate his constitutional rights by fabricating evidence against him and that he is currently serving a federal sentence as a result of that alleged conspiracy. For the reasons that follow, it is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915A. It is further recommended that Plaintiff's pending Emergency Motion for Preliminary Injunction Freezing Assets and/or Seizing the Property of the Defendants, ECF No. 3, be dismissed and that the Clerk of Courts be directed to close this case.

## II. REPORT

### A. Standards of Review

#### 1) The Prison Litigation Reform Act

Under 28 U.S.C. § 1915A, the Court "shall review … a complaint in a civil action in which a prisoner seeks redress from a governmental entity of officer or employee of a governmental entity." Id. Furthermore, "on review, the Court shall dismiss the complaint … if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a § 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). This Court has discretion to dismiss frivolous or malicious *in forma pauperis* complaints under 28 U.S.C. § 1915(d). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that § 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

#### 2) Failure to State a Claim

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a

Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of either of these two statutes, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. Cnty. of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008).  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007).  "Factual allegations must be enough to raise a right to relief above a speculative level."  Id. at 555.  The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (internal citation omitted).  Nor must the court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986).  Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).  Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  When presented with a *pro se* complaint, the court should construe the complaint

liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a §1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotation omitted). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996*)* ("[s]ince this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution"). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.

### B. Discussion

Even liberally construing the factual allegations of the complaint, this action should be dismissed as frivolous as the action is barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Id. at 487 (emphasis in the original). Thus, a court faced with a suit for damages under § 1983 must first "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his ... sentence." Id. If so, the complaint must be dismissed "unless the plaintiff can demonstrate that the ... sentence has already been invalidated." Id. In short, a prisoner's "§ 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or

equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Here, no matter how Plaintiff attempts to characterize his challenge, he cannot escape the fact that he is ultimately calling into question the fact of his confinement. Since it is clear from Plaintiff's allegations that neither the fact of his confinement nor his sentence has been otherwise invalidated, Plaintiff's constitutional claims are barred by Heck and should be dismissed.[1]

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915A. It is further recommended that Plaintiff's pending Emergency Motion for Preliminary Injunction Freezing Assets and/or Seizing the Property of the Defendants, ECF No. 3, be dismissed and that the Clerk of Courts be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing

---

[1] Additionally, many of the named Defendants have absolute or prosecutorial immunity.

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
Chief United States Magistrate Judge

Dated:  April 29, 2015

cc:     James Lamont Johnson
        20078-068
        McKean Federal Correctional Institution
        Inmate Mail/Parcels
        P.O. Box 8000
        Bradford, PA 16701